UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

BERYL THURMAN,

                Plaintiff,

        -against-

ASSOCIATION FOR THE HELP OF
RETARDED CHILDREN,

                Defendant.

-----------------------------------------------------------------x

JUDGE MARRERO

Civil Action No. CV 2460

**NOTICE OF REMOVAL OF ACTION**

ECF CASE   (VM)(THK)

RECEIVED
MAR 29 2006
U.S.D.C. S.D. N.Y.
CASHIERS

      Defendant, Association for the Help of Retarded Children, by and through its counsel, Clifton Budd & DeMaria, LLP, desiring to remove a civil action from Civil Court of the City of New York, County of New York, *Beryl Thurman v. Association for the Help of Retarded Children,* Index No. 6505-06 to the United States District Court for the Southern District, pursuant to 28 U.S.C. § 1441, based upon the Complaint asserting a federal claim, hereby submits this Notice of Removal and alleges as follows:

      1.    The Plaintiff, Beryl Thurman, commenced an action by filing a Summons and Complaint in the Civil Court of the City of New York, County of New York. A copy of the Plaintiff's Summons and Complaint is attached hereto as **Exhibit A**.

      2.    The Notice of Removal is being filed within thirty (30) days of the receipt by Defendant of the Summons and Complaint and is timely filed under 28 U.S.C. § 1441 (b).

      3.    Defendant's time to answer or move with respect to the Summons and Complaint has not yet expired.

      4.    This is a civil action in which Plaintiff alleges that she was discriminated and retaliated against because of her race and gender. The Complaint alleges causes of action under

Title VII of the Civil Rights Act of 1964, New York State Executive Law, Human Rights Law § 290 et seq., New York City Human Rights Law, and the Civil Rights Act of 1866.

5.      Due to the Complaint asserting a claim under Title VII of the Civil Rights Act of 1964, as codified in 42 U.S.C. §§ 2000e - 2000e-17, as amended, and the Civil Rights Act of 1866, as codified in 42 U.S.C. §1981, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and this action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441.

**WHEREFORE,** Defendant, whose attorneys have signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, respectfully requests that this action be removed to the United States District Court for the Southern District of New York.

Date:   March 23, 2006
        New York, New York

                                        Respectfully submitted,
                                        CLIFTON BUDD & DeMARIA, LLP
                                        Attorneys for Defendant,

                                        By:
                                            Richard K. Muser (RM-5220)
                                            420 Lexington Avenue
                                            New York, New York 10170
                                            (212) 687-7410

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK**
------------------------------------------X

Beryl Thurman,                                    <u>Summons</u>

                              Plaintiff,    Index No. 65055/06
                                            Plaintiff's Residence
   --against--                              Address: 121 Heberton Ave.
                                            Staten Island, NY 10302
                                            The basis of the venue
Association for the Help,                   designated is: Defendant's
of Retarded Children                        Place of business

                              Defendant.
------------------------------------------X

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned to appear in the Civil Court of the City of New York,
County of New York, at the office of the Clerk of that Court, at 111 Centre St.,
Room 118, in the County of New York, City and State of New York, within the
time provided by law as noted below and to file your answer to the annexed
complaint with the Clerk. Upon your failure to answer, judgment will be taken
against you together with the costs of this action.

   Dated: January 31, 2006

   David C. Wims, Esq.
   Attorney for Plaintiff
   229 E. 95th St., #1R
   Brooklyn, NY 11212

NOTE: The law provides that:

(a) If this summons is served by its delivery to you personally within the City of New
York, you must appear and answer within **TWENTY** days after such service; or

(b) If this summons is served by delivery to any person other than you personally, or
is served outside the City of New York, or by publication, or by any means other than
personal delivery to you within the City of New York, you are allowed **THIRTY** days
after the proof of service thereof is filed with the Clerk of the Court within which to
appear and answer.



02/01/2006

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------X
BERYL THURMAN,

Plaintiff,

-against-

ASSOCIATION FOR THE HELP OF
RETARDED CHILDREN,

Defendant.
------------------------------------------------------X

**COMPLAINT**

**INDEX #:** 6505/06

## PRELIMINARY STATEMENT

1. This is an action for damages, equitable and declaratory relief for Defendant's wrongful acts stemming from Defendant's employment of Plaintiff.

2. Plaintiff, through her specific allegations below, alleges that Defendant's wrongful acts entitle her to relief under New York common law contract jurisprudence and Federal, State and local anti-discrimination law.

## JURISDICTION & VENUE

3. This Court has jurisdiction over all claims alleged herein, pursuant to the New York *Civil Practice Law and Rules* and the *New York City Civil Court Act*, as all occurrences herein referenced transpired in the context of the Defendant's employment of Plaintiff.

4. Venue is proper in this Court as the Defendant is located and does business in the County of New York, and all of the acts alleged herein occurred in the County of New York.

## PARTIES

5. Plaintiff, Beryl Thurman, was and is a black female citizen of both the United States and the State of New York, and, while employed by Defendant, was a resident of the State of New York.

6. Defendant, Association for the Help of Retarded Children ("AHRC"), was and is a non-profit, social services agency, and employer with its principal place of business at 200 Park Avenue South, New York, New York.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

7. Defendant employed Plaintiff from January 2000 until October 2005 in several different capacities, including Human Resources Manager and Assistant Benefits Manager.

8. The terms, conditions and understanding between the Plaintiff and the Defendant, as employee and employer, were based on a contract, both express and implied, which was partly in writing and partly verbal.

9. The writings included: (a) an appointment letter and (b) The Personnel Manual of Defendant.

10. Included in the policies of the Defendant, as stated in the Personnel Manual, Section 41, (attached as Exhibit A) was a policy to receive, process, act upon and resolve employee grievances.

11. By imposing on itself the duty to follow the aforesaid system of processing employee grievances, as set forth in the Personnel Manual, and, by processing the grievances of former and current employees, Defendant achieved for itself the benefits of having a contented and stable workforce which an employer receives by being known by its employees as a fair, reasonable and impartial employer, rather than one which prospective and current employees deem unfair, arbitrary and unreasonable in carrying out its personnel policies.

12. On October 12, 2005, Defendant, through its agents, presented Plaintiff with a written, revised job description that materially changed her duties and responsibilities, and asked her to sign it.

2

13. Upon receipt of the new job description, and pursuant to the Defendant's grievance policy, Plaintiff indicated to her immediate supervisor that she desired to file a grievance about the new job description, thereby indicating her reliance on the Defendant's representation in the Personnel Manual.

14. The following day, October 13, 2005, Plaintiff renewed her request to file a grievance about the new job description.

15. Defendant, through its agents, refused and failed to receive, process, act upon and/or resolve Plaintiff's grievance.

16. Immediately after refusing to receive, process, act upon and/or resolve Plaintiff's grievance, Defendant terminated Plaintiff's employment for refusing to sign the new job description.

17. As a result of Defendant's breach of its contractual promise to receive, process, act upon and/or resolve Plaintiff's grievance, Plaintiff suffered damages in the form of lost wages and fringe benefits.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT

18. For her Second Cause of Action, Plaintiff reavers all of the foregoing allegations in her First Cause of Action and states further that, the Personnel Manual of Defendant, Section 11, (attached as Exhibit B), states that employees asked to take on additional duties for one week or more shall be paid additional compensation.

19. On or about 2002, Defendant appointed several employees, including Plaintiff, to work on a substantial implementation project that took several years to complete.

20. Upon completion of the project, Defendant paid stipends to all employees who participated except Plaintiff.

21. As a result of Defendant's breach of its contractual promise to pay additional compensation to employees asked to take on additional duties for one week or more, Plaintiff suffered damages in the form of lost wages.

## THIRD CAUSE OF ACTION – DISPARATE TREATMENT

22. For her Third Cause of Action, Plaintiff reavers all of the foregoing allegations and states further that, during her tenure in Defendant's employ, at or about 2004, because of her race and gender, Defendant paid her less than, and denied her wage increases received by, a similarly situated white male, in violation of the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d)(1) (Lexis, 2006); the New York State Human Rights Law, Exec. L. § 296(1) (Lexis, 2006); the New York City Human Rights Law, N.Y.C Admin. Code § 8-107(1) (Lexis, 2006); and the Civil Rights Act of 1866, 42 U.S.C. § 1981 (Lexis, 2006).

23. As a result, Plaintiff suffered damages in the form of pecuniary loss and emotional distress.

## FOURTH CAUSE OF ACTION – DISPARATE TREATMENT

24. For her Fourth Cause of Action, Plaintiff reavers all of the foregoing allegations and states further that, during her tenure in Defendant's employ, at or about 2005, because of her race and gender, Defendant denied her transportation vouchers for travel on agency business, which were given to similarly situated whites and/or males, in violation of the New York State Human Rights Law, Exec. L. § 296(1) (Lexis, 2006); the New York City Human Rights Law, N.Y.C Admin. Code § 8-107(1) (Lexis, 2006); and the Civil Rights Act of 1866, 42 U.S.C. § 1981 (Lexis, 2006).

25. As a result, Plaintiff suffered damages in the form of emotional distress.

## FIFTH CAUSE OF ACTION – DISPARATE TREATMENT

26. For her Fifth Cause of Action, Plaintiff reavers all of the foregoing allegations and states further that, during her tenure in Defendant's employ, at or about 2004, because of her race and gender,

4

Defendant denied her project stipends, which were granted to similarly situated whites and/or males, in violation of the New York State Human Rights Law, Exec. L. § 296(1) (Lexis, 2006); the New York City Human Rights Law, N.Y.C Admin. Code § 8-107(1) (Lexis, 2006); and the Civil Rights Act of 1866, 42 U.S.C. § 1981 (Lexis, 2006).

27. As a result, Plaintiff suffered damages in the form of pecuniary loss and emotional distress.

## SIXTH CAUSE OF ACTION – DISPARATE TREATMENT

28. For her Sixth Cause of Action, Plaintiff reavers all of the foregoing allegations and states further that, throughout her tenure in Defendant's employ, because of her race and gender, Defendant denied her access to Defendant's grievance procedure, which Defendant granted to similarly situated whites and/or males, in violation of the New York State Human Rights Law, Exec. L. § 296(1) (Lexis, 2006); the New York City Human Rights Law, N.Y.C Admin. Code § 8-107(1) (Lexis, 2006); and the Civil Rights Act of 1866, 42 U.S.C. § 1981 (Lexis, 2006).

29. As a result, Plaintiff suffered damages in the form of pecuniary loss and emotional distress.

## SEVENTH CAUSE OF ACTION – RETALIATION

30. For her Seventh Cause of Action, Plaintiff reavers all of the foregoing allegations and states further, that in May 2005, she complained about disparate treatment in her department to the Chief Executive Officer ("CEO") of AHRC.

31. Plaintiff's supervisor told her that Plaintiff should not have complained to the CEO.

32. As a result of Plaintiff's complaint to the CEO, Plaintiff's supervisor(s) then: a) removed Plaintiff's subordinate from her supervision, b) gave her a new job title and description, and c) subsequently discharged her from employment, in violation of the New York State Human Rights Law, Exec. L. § 296(1) (Lexis, 2006); the New York City Human Rights Law, N.Y.C Admin. Code § 8-107(1) (Lexis, 2006).

33. As a result, Plaintiff suffered damages in the form of lost wages and fringe benefits.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant and relief from the Court on her claims as follows:

## FIRST CAUSE OF ACTION

    a. Contract damages, including compensatory, reliance and expectancy, for loss of wages and fringe benefits, both past and future, in the amount of $25,000.00, together with interest and costs of suit.

## SECOND CAUSE OF ACTION

    b. Contract damages, including compensatory, reliance and expectancy, for loss of wages in the amount of $4,000.00, together with interest and costs of suit.

## THIRD THROUGH SEVENTH CAUSES OF ACTION

    c. Declare the acts and conduct of Defendant constituted illegal acts;

    d. Compensatory damages in the amount of $25,000.00 per cause of action;

    e. Punitive damages in whatever sum the jury determines shall be adequate;

    f. Liquidated damages, under the Equal Pay Act of 1963;

    g. Back pay;

    h. Front pay;

    i. Attorney's fees;

    j. Costs of this action; and

    k. Whatever other relief the Court deems just and equitable.

6

Dated:  Brooklyn, New York

January 31, 2006

DAVID C. WIMS, ESQ.
Attorney for Plaintiff
229 East 95ᵗʰ St., # 1R
Brooklyn, NY 11212
(917) 971-7339

7

# EXHIBIT A

# EXHIBIT A



AHRC



23. Negligently or intentionally endangering the welfare of a consumer, visitor, or another employee of the agency.

24. Using profane or abusive language in an insulting manner towards fellow employees, supervisors or consumers.

25. Violation of the agency's improper harassment policy (See - Section 44).

26. Violation of the agency's smoking policy (See - Section 45).

27. Failure to report, or reporting untruthfully, an incident, per agency procedures.

28. Violation of the agency's confidentiality policy (See - Section 42).

29. Violation of the agency's corporate compliance policy (See - Section 43).

SECTION 41

## Grievance Procedure



The agency tries to be fair and equitable in applying its policies and procedures. However, we are aware that from time to time, situations may arise when you have a complaint or misunderstanding with your supervisor concerning working conditions. We have established a grievance procedure to address problems of this kind.

44

igently or intentionally endangering welfare of a consumer, visitor, or her employee of the agency.

] profane or abusive language in an ling manner towards fellow em- es, supervisors or consumers.

tion of the agency's improper sment policy (See - Section 44).

ion of the agency's smoking policy - Section 45).

: to report, or reporting untruth- an incident, per agency proce-

on of the agency's confidentiality (See - Section 42).

on of the agency's corporate ance policy (See - Section 43).

### edure

agency tries to be fair and equi- le in applying its policies and ocedures. However, we are ware that from time to time, sit- itions may arise when you have complaint or misunderstanding h your supervisor concerning king conditions. We have es- hed a grievance procedure to problems of this kind.

A grievance is the dissatisfaction you feel when you believe, rightly or wrongly, that you have been treat- ed unfairly. During the course of the grievance pro- cedure, you may be represented by another employ- ee of your choosing. A request to proceed from one step to the next in the grievance procedure must be submitted by you in writing to the appropriate supervisor or manager within one calendar week of completion of the preceding step, or the grievance is considered withdrawn. Grievances concerning dis- missals must be presented no later than one calen- dar week after receipt of a written notice of dis- missal.

### STEP 1

You should make your grievance known to your immediate/designated supervisor within five working days of the grieved situation. Supervisors will request a written statement explaining the nature of the grievance and making specific reference to the provisions of this manual relevant to the problem. The supervisor will then attempt to resolve the grievance within one week after notification. Grievances relating to dismissals may proceed directly to Step 2.

### STEP 2

In the event you are not satisfied with the results of the supervisor's determination, you may submit the grievance in writing to the department head within one week of the supervisor's decision. The department head will discuss the grievance during a meeting with you, and render a decision within one week after receiving notification.

igently or intentionally endangering welfare of a consumer, visitor, or her employee of the agency.

] profane or abusive language in an :ing manner towards fellow em- es, supervisors or consumers.

tion of the agency's improper sment policy (**See - Section 44**).

ion of the agency's smoking policy · **Section 45).**

: to report, or reporting untruth- an· incident, per agency proce-

on of the agency's confidentiality (**See - Section 42).**

on of the agency's corporate ance policy (**See - Section 43).**

edure

agency tries to be fair and equi- ʔle in applying its policies and ocedures. However, we are vare that from time to time, sit- ʒtions may arise when you have complaint or misunderstanding ʒh your supervisor concerning king conditions. We have es- hed a grievance procedure to problems of this kind.

A grievance is the dissatisfaction you feel when you believe, rightly or wrongly, that you have been treat- ed unfairly. During the course of the grievance pro- cedure, you may be·represented by another employ- ee of your choosing. A request to proceed from one step to the next in the grievance procedure must be submitted by you in writing to the appropriate supervisor or manager within one calendar week of completion of the preceding step, or the grievance is considered withdrawn. Grievances concerning dis- missals must`be presented no later than one calen- dar week after receipt of a written notice of dis- missal.

### STEP 1

You should· make your grievance known to your immediate/designated supervisor within five working days of the grieved situation. Supervisors will request a written statement explaining the nature· of the grievance and making specific reference to the provisions of this manual relevant to the problem. The supervisor will then attempt to resolve the grievance within one week after notification. Grievances relating to dismissals may proceed directly to Step 2.

### STEP 2

In the event you are not satisfied with the results of the supervisor's determination, you may submit the grievance in writing to the department head within one week of the supervisor's decision. The department head will discuss the grievance during a meeting with you, and render a decision within one week after receiving notification.

45



AHRC

**STEP 3**

If you are dissatisfied with the decision of the department head, you may submit the written grievance to the Executive Director within one week of the department head's decision. You may request a meeting for a discussion of the grievance with the Executive Director within five days after submission of the grievance. At the end of that five-day period, the Executive Director will consider the grievance and render a decision within two calendar weeks.

The Executive Director may call upon the Employee Personnel Practices Review Committee to act in an advisory capacity in reviewing grievances. The Executive Director's decision on the grievance shall be final.

**SECTION 42**

## Confidentiality Policy



In the course of performing your job you may be exposed to information regarding the agency, its consumers, or its employees that is confidential. Confidential information includes, but is not limited to, employee social security numbers, addresses, phone numbers, names of family members, identity of consumers, their treatments and treatment plans, employee or consumer medical history or information, consumer addresses, phone numbers, family members, or other information regarding the agency's operations. No materials containing such confidential

46

# **EXHIBIT B**

# **EXHIBIT B**

AHRC

## SECTION 11

### Premium Pay for Additional Duties

During the course of your employment, you may be asked to temporarily or permanently take on additional duties necessitated for various reasons (e.g.,  co-worker takes a leave of absence, departmental expansion, etc.). If you are asked to perform additional tasks in such a situation, the agency will pay a pro-rated stipend, as long as such duties are done for a period of one week or more. If you are designated by the department head to completely take over the duties of another position (Temporary Post) whose hire-in rate is greater than yours, you will be paid, pro-rated for the time spent in this new capacity, the new hire-in rate or $2,000, whichever is greater. If you are designated by the department head to undertake some, but not all, of a different position's responsibilities (Additional Temporary Duties), you may be eligible for $2,000, pro-rated for the period that you are performing these additional temporary tasks. Should special circumstances warrant an exception to this policy, approval by the Executive Director is required.

## SECTION 12

### Employee Benefits

The agency provides you and your eligible dependents with many valuable benefits. Coverage for these benefits will begin three months from the start date of your continuous regular employment. Such benefits are available to qualified family members and/or same-sex domestic partners of such

8